AO 472 (Rev. 05/05) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.
Allen Duncan,
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 13-30495

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____ *
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
AUG 16 2013
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence ☐ a preponderance of the evidence that

SEE ATTACHED.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| August 16, 2013 | s/ Mona K. Majzoub |
|---|---|
| Date | *Signature of Judge* |
| | MONA K. MAJZOUB - U.S. MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# Allen Duncan Jr., Order of Detention

Defendant is charged by federal criminal complaint with Felon in Possession of a Firearm. Defendant is a 31 year old married man with two children. He is in the process of divorcing. His two minor children do not live with him, but live with their mother who is not his wife. Defendant has been employed part time at a collision shop for the past 8 months and earns $2000 a month. Defendant has no assets and he pays for utilities and his cell phone on a monthly basis.

Defendant is currently serving a 36 month term of supervised release with the United States Probation Department after being incarcerated for 35 months following his conviction for Conspiracy to Distribute Oxycodone in he Eastern District of Kentucky on July 16, 2008. Defendant was on supervised release when he was charged with the instant offense.

Defendant has an extended criminal history and record of convictions beginning at age 18 to the present. Most recently, on August 7, 2013 Defendant was involved in a home invasion in Redford Township and was charged with Felony Burglary after his home was searched on following a traffic stop. At the home a loaded .45 caliber Colt was found along wi th a .357 Magnum handgun with ammo. Defendant confessed to owing the .45 caliber Colt after his fingerprints were confirmed to match those on the gun.

Defendant has convictions for Felony Controlled Substance, Attempted Felony Carrying a Concealed Weapon, Felony Trafficking in Controlled Substances 2nd Degree, Possession of Marijuana, Contempt of Court, and at least a dozen traffic offenses. Defendant has violated his probation three times, and has failed to appear in court for no less than 7 times, with 3 outstanding criminal bench warrants being issued for his failures to appear. Defendant also has a PPO out on him.

Defendant (through his attorney) argued that he should be released on a tether, and that he can be trusted to appear in court because he has "retained" counsel.

Pretrial Services finds that this Defendant is a risk of flight and a danger to the community. This Court agrees. Defendant poses a risk of flight due to his 10 failures to appear on past criminal matters, his 3 active criminal bench warrants for failing to appear, and the fact that he has "retained" counsel does not ameliorate his record of failing to appear in the past.

Pretrial Services also finds that Defendant poses a danger to the community and this Court agrees with this assessment. Specifically the nature of the allegations in the instant offense, Defendant's alleged criminal activity while under Federal Supervision, his pattern of similar criminal activity in the past, and his very lengthy criminal history demonstrate by a preponderance of the evidence that Defendant is a danger to the community.

There is no condition or combination of conditions which will assure Defendant's appearance in Court or the safety of the community. Detention is therefore Ordered.